IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL CURTIS REYNOLDS, #106710923:

    Plaintiff                            :

    v.                                :  CIVIL ACTION NO. JKB-16-3186

LINDA McGREW, Warden, USP-Victorville  :
RICHARD IVES, Warden
GINGER REYES, Case Manager, USP-       :
  Victorville
DR. MOHAMMED MOUBAREK[1]             :
CASE MANAGER SMITH, FCI-Cumberland
KRISTI CRITES                                  :
JAMIE HAMILTON-RUNNER

                                         :
 Defendants

## MEMORANDUM OPINION

Plaintiff Michael Curtis Reynolds, a prisoner confined at FCI-Cumberland, Maryland, filed a civil rights Complaint under 42 U.S.C. § 1983 against federal correctional and medical employees. His motion for leave to proceed in forma pauperis (ECF No. 3)[2] was granted, subject to assessment of partial payments as required pursuant to 28 U.S.C. § 1915. (ECF 13).

### Background

Reynolds, a New York resident incarcerated in Maryland, sought both federal question and diversity jurisdiction. Following initial review, his claims against Linda McGrew, Richard Ives, and Ginger Reyes, three individuals employed at the United States Penitentiary in Victorville, California, were dismissed without prejudice, as were Reynolds's claims of assault at USP-Victorville and lack of access to postage stamps at FCI-Cumberland. (ECF 4).

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of defendants' names.

[2] This memorandum opinion references pagination assigned through the Clerk's electronic docketing system.

In his original and amended complaints (ECF 1 and 10), Reynolds alleged Dr. Moubarek and medical employees Hamilton-Runner and Crites denied him medical care since his transfer to FCI-Cumberland.  Specifically, Reynolds claims that Moubarek and Crites refused to provide Reynolds with a copy of Moubarek's medical license; that Moubarek and Crites did not provide pain medication and Keflex after a local hospital assessed and treated his leg infection; he was not provided a medical shoe; and his blood was tested for HIV and other diseases without his permission.  Hamilton-Runner is alleged to have knowledge that Moubarek is not a licensed physician and to have ignored Reynolds's requests for proof of licensure. (ECF 10 at p. 6).  It appears Reynolds was provided "half" the medication recommended by the hospital, and his leg infection resolved after six weeks.  (ECF 1 at p. 7).

Pending are defendants' motion to dismiss or for summary judgment (ECF No. 24) and plaintiff's opposition thereto.  (ECF 27).  After review of the papers filed, the court finds a hearing on the pending matters unnecessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons set forth below, the October 12, 2016, order granting Reynolds leave to proceed in forma pauperis will be vacated and Reynolds will be granted 28 days to pay the full $400.00 filing fee. Should Reynolds fail to comply, defendants' dispositive motion will be granted pursuant to 28 U.S.C. § 1915(g).

## Standard of Review

Defendants have filed a motion to dismiss or, in the alternative, a motion for summary judgment, attaching as exhibits copies of previously dismissed federal actions in which Reynolds sought or was granted leave to proceed in forma pauperis.  If materials furnished by parties in conjunction with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) are considered, the court implicitly converts the proceeding into a summary judgment proceeding.

2

*Laughlin v. Metro. Washington Airports Authority*, 149 F.3d 253, 260-61 (4th Cir. 1998). "[A] district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Sager v. Hous. Comm'n,* 855 F. Supp. 2d 524, 542 (D. Md. 2012) (quoting 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1633, at 159 (3d ed. 2004, 2011 Supp.)). "This discretion 'should be exercised with great caution and attention to the parties' procedural rights.' In general, courts are guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Id.* Here, defendants are not seeking dismissal pursuant to Rule 12(b)(6); instead, they seek dismissal pursuant to 28 U.S.C. § 1915(g), under which Reynolds's in forma pauperis status may be revoked based on the nature of the dismissals rendered in his previous federal lawsuits.

> Under 28 U.S.C. § 1915(g),
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* Where a complaint is dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the dismissal counts as a "strike" under the provisions of § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013). Dismissal of a complaint on summary judgment does not count as a strike under the PLRA unless it is dismissed as frivolous, malicious, or for failure to state a claim. *See Richardson v. Ray*, 402 F. App'x 775, 776 (4th Cir. 2010) (unpublished) (where complaint is not dismissed as frivolous,

malicious, or for failure to state a claim, it does not qualify as a strike) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007)). Additionally, in order to qualify as a strike under the PLRA, the entire action must have been dismissed on the grounds enumerated in 28 U.S.C. § 1915(g). *See Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011) (holding dismissal of one part of an "action" for failure to state a claim does not qualify as a strike). Where a "district court's dismissal did not turn on an explicit determination that [the] entire action failed to state a claim or was otherwise frivolous or malicious, it does not qualify as a strike." *Everett v. Whaley*, 504 F. App'x 245, 246 (4th Cir. 2013) (unpublished) (citing *Tolbert*, 635 F.3d at 651). It is true, however, that "the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)." *Blakely v. Wards,* 738 F.3d 607, 610 (4th Cir. 2013), as amended (Oct. 22, 2013). Thus, the fact that an action is dismissed on summary judgment does not insulate it from becoming a strike. However, "[t]he purpose of the PLRA was not . . . to impose indiscriminate restrictions on prisoners' access to the federal courts." *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009). "'There is no doubt that the provisions of the PLRA . . . were meant to curb the *substantively meritless* prisoner claims that have swamped the federal courts.'" *Id.,* quoting *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir. 2000).

**Analysis**

Examination of the claims made by Reynolds here, and the basis for the dispositive decisions made in the prior cases cited by defendants, is necessary to determine if this case is subject to the statutory provisions of 28 U.S.C. § 1915(g) mandating Reynolds pay a full filing fee. On July 7, 2006, the United States District Court for the Middle District of Pennsylvania

4

considered Reynolds's action, filed in forma pauperis, against the prison and its warden concerning deficiencies in the prison library. That court dismissed the claim against the prison because it was not a "person" within the meaning of 42 U.S.C. § 1983 and dismissed the claim against the warden because it was solely based on the doctrine of *respondeat superior*. The court then found that Reynolds set forth no factual basis to support his vague claim of deficiency in the prison library. The case was dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Reynolds v. Lackawanna Cty. Prison,* Case No. 06-1190 (M.D. Pa. 2007), ECF 10 (16-3186, ECF 24-2).

Reynolds then sought in forma pauperis status when filing an action against the United States Attorney's Office for the Middle District of Pennsylvania, its Assistant United States Attorney, and the Scranton, Pennsylvania, Office of the Federal Bureau of Investigation ("FBI"), alleging misconduct in connection with a pending criminal trial.[3] On September 11, 2006, that civil rights action was dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Reynolds v. U.S. Attorney's Office, et al.,* Civil Action No. 06-1753 (M.D. Pa. 2006), ECF 7 (16-3186, ECF 24-3).

In a third action filed in forma pauperis, Reynolds sued the federal judge, Assistant United States Attorney, and FBI agent with regard to his criminal prosecution. The lawsuit was dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Reynolds v. Kosik, et al.,* Civil Action No. 06-2466 (M.D. Pa. 2006), ECF 10 (16-3186, ECF 24-4).

Although the dismissals in the noted cases did not direct that the cases be marked as "strikes," it is clear that the three cases noted qualify as § 1915(g) dismissals. Because the instant lawsuit does not demonstrate that Reynolds is in imminent danger of physical harm, he

---

[3] *See United States v. Reynolds,* Crim. No. 05-0493 (M.D. Pa.). Reynolds was convicted of multiple terrorism-related offenses following a 2007 jury trial. The conviction was affirmed by the United States Circuit Court for the Third Circuit on March 18, 2010.

cannot proceed in this court in forma pauperis. Should he wish to proceed with this lawsuit, he must submit within 28 days the full $400.00 civil filing fee, minus any monies previously paid toward the filing fee,[4] or this case will be dismissed pursuant to 28 U.S.C. § 1915(g). Reynolds's non-dispositive motions (ECF 27, 28, 29, 31, and 36) are denied without prejudice, subject to renewal if Reynolds pays the full filing fee and continues with this case. Further, he is now on notice that any future lawsuits filed must be accompanied by the full filing fee ($400), or he must show that he is in imminent danger of serious physical injury; without the filing fee or a showing of imminent danger, complaints filed by Reynolds subsequent to this case will be summarily dismissed.

## Conclusion

A separate order implementing the content of this memorandum opinion follows.

March 31, 2017                                                                        /s/
Date                                                                                      James K. Bredar
                                                                                               United States District Judge

---

[4] A partial filing fee payment of $16.50 was received by the Clerk on December 16, 2016.